UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:19-cr-053-CHB |
| | ) | |
| v. | ) | |
| | ) | **ORDER ADOPTING MAGISTRATE** |
| JAMES T. TOMBLIN, | ) | **JUDGE'S RECOMMENDED** |
| | ) | **DISPOSITION** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition filed by United States Magistrate Judge Hanly A. Ingram [R. 13]. The Recommended Disposition addresses Defendant's reported violations of his supervised-release conditions and ultimately recommends a term of imprisonment of approximately four months.

In his Recommended Disposition, Magistrate Judge Ingram detailed the facts surrounding Defendant's two violations. [R. 13, pp. 1–2]. The violations stem from an August 20, 2020 urine sample that tested positive for methamphetamine. *Id.* at 2. Violation #1 alleges a violation of the condition that Defendant refrain from possessing or using any controlled substance unless prescribed by a physician. *Id.* Violation #2 charges a violation of the condition that Defendant refrain from committing another federal, state, or local crime. *Id.* Defendant entered a knowing, voluntary, and intelligent stipulation to both violations, acknowledging under oath that he used methamphetamine. *Id.* at 3.

Magistrate Judge Ingram considered the record, the Supervised Release Violations Report and its accompanying documents, and the sentencing materials from the underlying Judgment. *Id.* He also considered the factors set forth in 18 U.S.C. § 3553 and imported into the

§ 3583(e) analysis, including the gravity of the underlying offense, which in this case is a Class A felony. *Id.* He also addressed the Policy Statements of Chapter 7 of the Sentencing Guidelines and the advisory imprisonment ranges for revocation, which are based on criminal history and the "grade" of the violation. *Id.* 3–4. In this case, Defendant's Violation #2 qualifies as a Grade B violation. *Id.* at 4. This grade, when considered with Defendant's criminal history, results in a suggested imprisonment range of six to twelve months. *Id.* Magistrate Judge Ingram, after considering the arguments of the parties, the statutory factors, and the Sentencing Guidelines range, recommended a term of imprisonment of approximately fourth months, with a release date of December 18, 2020. *Id.* at 8.

Magistrate Judge Ingram's Recommended Disposition advised the parties that any objections must be filed within fourteen (14) days. *Id.* at 10. The time to file objections has passed, and neither party has filed any objections to the Recommended Disposition nor sought an extension of time to do so. Defendant has filed a Waiver of Allocution, waiving his right to appear before the District Court and waiving the right to make a statement and present information in mitigation. [R. 14]

Generally, this Court must make a de novo determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." See *Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a Magistrate Judge's recommended disposition are also barred from appealing a district court's order adopting that recommended disposition. *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with the

Magistrate Judge's Recommended Disposition. Accordingly, the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Magistrate Judge's Recommended Disposition [**R. 13**] is **ADOPTED** as the opinion of this Court;

2. Defendant James T. Tomblin is found **GUILTY** of Violation #1 and Violation #2;

3. Defendant Tomblin's supervised release is **REVOKED**;

4. Defendant Tomblin is sentenced to a term of imprisonment to terminate on **December 18, 2020** with a new **four-year** term of supervised release to follow under the conditions previously imposed [R. 1-3];

5. An Amended Judgment will follow.

This the 19th day of October, 2020.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY